The Honorable Steve Napper State Representative 201 South Chester Little Rock, AR 72201-2015
Dear Representative Napper:
I am writing in response to your request for my official opinion on the following questions:
 1. In light of the conclusions reached in AG Op. No. 2003-057 that an applicant for a certified school district position is ineligible who has received an expungement for a guilty or nolo contendere plea, or for having been found guilty, for the offenses under A.C.A. 6-17-410, does different reasoning apply for those applicants whose information was expunged under A.C.A. 16-93-301 et seq. prior to the enactment of A.C.A. 16-90-901 et seq., such that this information is not disqualifying?
 2. Must expungement information provided to the Department of Education in accord with the directive of AG Op. 2003-057 be kept confidential?
In support of your request, you have provided a legal memorandum of unidentified source arguing that the referenced opinion was erroneous; that if the opinion was not erroneous, its conclusions should not apply to expungements obtained before 1995, when the most recent expungement statute was enacted; and that clarification is needed regarding how to keep expungement information confidential given the requirement that Board of Education license renewal or revocation hearings be public.
RESPONSE
In my opinion, the answer to your first question is "no." I believe the two referenced expungement statutes are effectively identical in defining the legal effect of an expungement. With respect to your second question, I do not believe the statutory confidentiality provisions relating to expungements defeats the open-meetings requirement of the Freedom of Information Act (the FOIA). Although the Board of Education may enact rules to safeguard the privacy of expungement information, I believe any hearing relating to an expungement must be public.
Question 1: In light of the provisions of A.C.A. 6-17-410 and theconclusions reached in Op. Att'y Gen. 2003-057, does different reasoningapply for those applicants whose information was expunged under A.C.A.16-93-301 et seq., prior to the enactment of A.C.A. 16-90-901 et seq.,such that this information is not disqualifying?
In my opinion, the answer to this question is "no."
As I have done twice before in Ark. Ops. Att'y Gen. Nos. 2003-057 and 2003-183, I will recite the analysis set forth in Ark. Op. Att'y Gen. No. 2002-141:
 I have previously concurred with the position of my predecessors that if a statute prohibits certain activities by a person who has "pled guilty or nolo contendere" or has been "found guilty" of certain offenses, that statutory reference to pleading guilty or nolo contendere has the effect of overriding an expungement. See Op. Att'y Gen. No. 99-237, fn 2. In other words, such statutory language is what is referred to in A.C.A. § 16-90-902 [the expungement statute] by the phrase "unless otherwise specifically provided for by law." My predecessors took the position that such statutory language in effect means that the expungement laws will not apply. Instead, the more specific provisions of the prohibition will control. See, e.g., Ops. Att'y Gen. Nos. 98-007; 96-387; 94-148; 89-093; 89-056. The reasoning that has supported this position is that the legislature, in making specific reference to persons who have pled guilty or nolo contendere (and not merely to persons who were "found guilty" or who had "convictions" on their records), was intentionally including defendants who have not been adjudged guilty and whose records have been expunged. As noted previously, defendants whose records have not been expunged actually have "convictions" (adjudications of guilt) entered on the record, even if they pled guilty or nolo contendere and are deemed to have been "found guilty." If the legislature had intended to exclude those without adjudications of guilt and whose records have been expunged, it would have simply used the words "convicted" or "found guilty" in the applicable statute. (For an explanation of this issue, see Op. Att'y Gen. No. 96-387.) Therefore, it was necessary for the legislature to refer to persons who pled guilty or nolo contendere in order to include persons who were not adjudged guilty and who therefore did not have "convictions" on the record — i.e., persons whose records have been expunged. This interpretation of the reference to pleading guilty or nolo contendere has the effect of assuring that defendants who were not adjudged guilty and whose records were expunged will be included in the particular prohibition. The most prominent example of this office's use of this reasoning can be found in the opinions that have concluded that defendants whose records were expunged are not eligible to become law enforcement officers because of the prohibition stated in A.C.A. § 12-9-106 (which prohibits persons who plead, or who are found guilty of a felony from being law enforcement officers). See Ops. Att'y Gen. Nos. 94-308; 94-148; 89-093; 89-056; 83-217.
 I believe that the same reasoning can be applied in analyzing the issue you have raised. The pertinent provision of A.C.A. § 6-17-414 states:
 (b)(1) No person shall be eligible for employment by a local school district or education service cooperative in a noncertified staff position if that person has pleaded guilty or nolo contendere to or has been found guilty of any of the following offenses by any court in the state of Arkansas or of any similar offense by a court in another state or of any similar offense by a federal court: [the statute goes on to list various offenses].
A.C.A. § 6-17-414(b).
 Because the above-quoted statutory language makes specific reference to persons who have "pleaded guilty or nolo contendere" as well as to persons who have been "found guilty," it can reasonably be interpreted as specifically including persons who were not adjudged guilty and whose records have been expunged (as explained above). Again, it should be noted that persons whose records have not been expunged all fall within the category of persons who have been "found guilty," or who have "convictions" on their records, even if they pled guilty or nolo contendere, because adjudications of guilt are entered against them. Therefore if the legislature had intended to prohibit only those persons from being employed by school districts, and not persons whose records were expunged, it would only have referred to persons who were "found guilty." It would not have been necessary for the legislature to have referred to persons who have "pleaded guilty or nolo contendere." The legislature's reference to such persons reflects its intent that expunged defendants, as well as non-expunged defendants, not be employed by school districts.
 For this reason, I conclude that the above-quoted language of A.C.A. § 6-17-414 can reasonably be interpreted to constitute an exception to the expungement laws, and that under this provision, persons whose records have been expunged of the listed offenses are not eligible for employment in non-certified positions with a public school district.
I further opined in Opinion No. 2003-057 that this same analysis applies to certified positions of the school district because A.C.A § 6-17-410, which applies to such positions, likewise contains a proscription relating to "any person who has pleaded guilty or nolo contendere to or has been found guilty of" various specified offenses.
With respect to your specific question, I will clarify what the extensively excerpted passage above does and does not say. Despite the contrary suggestion in the legal memorandum attached to your request, this passage does not say or imply that either A.C.A § 16-93-301 et seq.
or any other expungement statute will effectively erase for all purposes a plea or conviction unless the statute includes the phrase "unless otherwise specifically provided for by law." Rather, it says that statutes that include "pleading guilty or nolo contendere" as well as "being convicted" or "found guilty" as disqualifications from some right or employment should be interpreted as including such pleas or findings among disqualifying circumstances despite the fact that records related to them were later expunged.[1]
For reasons discussed immediately below, I will not here restate this opinion. However, I can and will opine that leaving the phrase "unless otherwise specifically provided for by law" out of an expungement statute does not bar the legislature from in fact otherwise specifically providing otherwise. It follows that if my previous analysis was correct with respect to expungements obtained pursuant to A.C.A § 16-90-901 etseq., it will likewise be correct with respect to expungements obtained pursuant to A.C.A § 16-93-301 et seq.
Although you have suggested that I reconsider the correctness of my previous analyses, I must respectfully decline to do so. The question of whether expungements are disqualifications under statutory language of the sort at issue in your request is currently the subject of litigation in the case of Jane Doe and Jane Roe v. Arkansas Department of HumanServices, Office of Long Term Care, Pulaski County Circuit Court No. CV-03-10594, which was recently remanded to the circuit court following an unsuccessful interlocutory appeal from the trial court's order denying a preliminary injunction because the plaintiffs had failed to demonstrate a likelihood that they would prevail on the merits.[2] Jane Doe andJane Roe v. Arkansas Department of Human Services, Office of Long TermCare, Supreme Court Case No. 03-1306. In order to avoid encroaching upon exclusively judicial prerogatives, it has long been the policy of this executive-branch office to avoid rendering opinions on matters that are pending in the courts.
Question 2: Must expungement information provided to the Department ofEducation in accord with the directive of AG Op. 2003-057 be keptconfidential?
As I noted in Opinion No. 2003-057, "it would be improper to disclose the fact of an expungement unless that information in itself would disqualify the applicant from employment under Arkansas law." As you note in your request, the Board of Education conducts public hearings at the request of any individual who has been informed of the Board's intention to deny or to revoke a license based upon an expungement. The public nature of these hearings accords with the requirement set forth in the FOIA that the meetings of all public boards be open. A.C.A § 25-19-106 (Supp. 2003). You suggest in your request that "clarification of the procedure for use of expungement information is necessary in view of the confidentiality provisions under the expungement laws. . . ." You further suggest that the holding of public hearings "is contrary to the confidentiality mandate of the expungement acts as well as A.C.A.6-17-410(i)(1)," which provides:
 Any information received by the Department of Education from the Bureau of Identification and Information pursuant to subsection (a) of this section shall not be available for examination except by the affected applicant for licensure or his or her duly authorized representative, and no record, file, or document shall be removed from the custody of the department.
With respect to what you describe as "the confidentiality mandate of the expungement acts," A.C.A § 16-93-302(b)(1) provides:
 Any person charged under the provisions of §§ 16-93-301—16-93-303 with keeping the confidential records of first offenders, as provided in § 16-93-301, who shall divulge any information contained in the records to any person or agency other than a law enforcement officer or judicial officer shall be guilty of a misdemeanor and shall, upon conviction, be subject to a fine of not more than five hundred dollars ($500).
Section 16-90-903 provides in pertinent part:
 (a) The custodian of the records shall not disclose the existence of such records or release such records except when requested by:
* * *
(5) The Arkansas Crime Information Center.
 (b)(1) As used in this section, "custodian" shall not mean the Arkansas Crime Information Center.
 (2) Access to data maintained by the Arkansas Crime Information Center shall continue to be governed by § 12-12-1001 et seq.
Section 12-12-1009 of the Code (Repl. 1999) provides in pertinent part:
 (a) Conviction information[3] shall be made available for the following noncriminal justice purposes:
 (1) To any local, state, or federal governmental agency that requests the information for the enforcement of a local, state, or federal law[.]
In my opinion, these statutes, read together, generally prohibit the dissemination of records relating to expungements beyond governmental agencies that might need the records to enforce the law — as, for instance, a law that would preclude someone with an expunged conviction from undertaking any particular activity or vocation. The statutes that set forth disqualifying offenses for various activities or employments are narrowly tailored and more specific than the general confidentiality statutes just recited. In my estimation, the legislature clearly intended that expungement information be considered by the Board of Education in making determinations regarding job eligibility, and it at no point has suggested that the open-meetings requirement of the FOIA will not apply to hearings involving such determinations. I further consider it significant that information relating to an expungement might be revealed publicly only if a candidate for employment or for revocation of a license personally publicizes the information by voluntarily seeking a waiver, pursuant to A.C.A § 6-17-410(d), of the rule that being convicted of or pleading guilty or nolo contendere to various offenses will warrant a revocation or denial of a license. Under these circumstances, it is the individual whose record has been expunged who puts the expungement at issue, and any attendant publicity will be of his or her own devising.
Having offered this opinion, I will note that in instances when the employee does not raise the issue himself, the Board might without public discussion simply receive documentary acknowledgment of an expungement and announce its employment determination without elaboration. See Ark. Op. Att'y Gen. No. 2001-040 (suggesting that the Board of Review might protect confidentiality by not identifying the claimant in hearings on unemployment claims). However, I do not believe the statutory confidentiality provisions relating to expungements authorize the Board to meet in executive session to consider an issue of teacher licensure.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:JD/cyh
[1] The fact that this is the crux of Opinion No. 2003-057 crucially distinguishes it from Ark. Op. Att'y Gen. No. 96-232, which you and the author of the legal memorandum submitted with your request mistakenly suggest is at odds with the line of opinions you question. At issue in Opinion No. 96-232 was not whether an expungement was a necessary disqualification from licensure or employment based upon statutory language of the sort discussed in my text, but rather whether a termination based upon an expungement fell within a school board's discretion under the Teacher Fair Dismissal Act of 1983, currently codified at A.C.A §§ 6-17-1501 through -1510 (Repl. 1999 Supp. 2003). The Act contained no disqualifying language of the sort at issue here. Moreover, despite your suggestion to the contrary, my predecessor did not opine in Opinion No. 96-232 "that expunged convictions do not disqualify an applicant for a certified position"; rather, he presented arguments on both sides of the issue and drew no conclusions.
[2] The supreme court affirmed the trial court's ruling but for a different reason — namely, that the plaintiffs did not face irreparable harm because they could recover money damages. In dictum, the court further suggested that the offense of theft of property would be a disqualification from nursing home employment irrespective of whether a conviction or plea of guilty or nolo contendere had been expunged. The court remarked: "It is within the General Assembly's authority to change or amend laws and public policy in this matter."
[3] Subsection 12-12-1001(3) defines the term "conviction information" to mean "criminal history information disclosing that a person has pleaded guilty or nolo contendere to, or was found guilty of, a criminal offense in a court of law, together with sentencing information.